MONTIEL, Judge.
James Erskine Scruggs filed a petition for writ of habeas corpus alleging that he was being denied “good time” to which he was entitled under the Correctional Incentive Time Act. See § 14-9-40 through -43, Code of Alabama 1975. The appellant is serving a three-year sentence for his conviction for trafficking in cocaine. In Roberts v. State, 482 So.2d 1293 (Ala.Crim.App.1985), this court held that persons convicted of trafficking in drugs were not prohibited from earning “good time” under § 14-9-41. As this court acknowledged in Roberts, however, § 14-9-41(e) “specifically excludes from receiving good time those persons convicted of a Class A felony.” Roberts, 482 So.2d at 1294. When Roberts was decided, trafficking in drugs was not classified as a Class A felony. However, in 1987 the legislature enacted § 20-2-80(10) (transferred to § 13A-12-231(10) in September 1988 and presently § 13A-12-231(12)), which reads in part as follows: “The felonies of ‘trafficking in cannabis,’ ‘trafficking in cocaine,’ and ‘trafficking in illegal drugs,’ as defined in subdivisions (1) through (9), above, shall be treated as Class A felonies.” See 1987 Ala.Acts, Act No. 87-708. Furthermore, at the same time, the legislature amended § 20-2-81(a) (transferred to § 13A-12-232(a) in September 1988) to read as follows:
“Notwithstanding the provisions of Chapter 22, Title 15, or any other provision of law, with respect to any person who is found to have violated § 20-2-80 [now § 13A-2-231], adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall such person be eligible for any type of parole, probation, work release, supervised intensive restitution program, release because of deduction from sentence for good behavior under corrections incentive time act....”
(Emphasis added.)
The appellant alleges that § 13A-12-231(10), which was incorrectly cited by the State in support of its motion to dismiss the petition, was not enacted until after he was convicted and sentenced in March 1991. This assertion is incorrect. As we noted above, the language designating trafficking in cocaine as a Class A felony was incorporated into the Code in 1987 at § 20-2-80(10); this section was transferred to § 13A-12-231(10) in September 1988. In an amendment effective July 29, 1991, the legislature added a new offense and renumbered § 13A-12-231(10) as § 13A-12-231(12). Thus, the relevant part of the statute was in force prior to the appellant’s conviction and sentence; it was merely relocated to another subdivision in § 13A-12-231 after the appellant’s conviction and sentence. The fact that the wrong subsection of § 13A-12-231 was cited in the affidavit supporting the State’s motion to dismiss is of no consequence because the affidavit clearly stated that the reason the appellant was being denied “good time” *99 was because he had been convicted of a Class A felony. Thus, since the appellant’s conviction for cocaine was after the effective date of these statutes, the appellant is not entitled to earn “good time” under § 14-9-41 and the trial court correctly denied the petition for writ of habeas corpus. The appellant’s petition for writ of habeas corpus is without merit.
AFFIRMED.
All the Judges concur.